# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 17-2021V
### (Not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
SARAH NEAL,                          *
                                     *    Special Master Corcoran
                                     *
                                     *    Filed: June 5, 2019
                   Petitioner,       *
         v.                          *
                                     *    Motion for Decision Dismissing
SECRETARY OF HEALTH                  *    Petition.
AND HUMAN SERVICES,                  *
                                     *
                   Respondent.       *
                                     *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Phyllis Widman*, Widman Law Firm, LLC, Ocean City, NJ, for Petitioner.

*Traci R. Patton*, U.S. Dep't of Justice, Washington, D.C., for Respondent.

### DECISION DISMISSING CASE[1]

On December 22, 2017, Sarah Neal filed a Petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that her receipt of the tetanus-diphtheria-acellular pertussis ("TDaP") vaccine on December 22, 2015, caused the *in utero* death of her son, C.N., which in turn caused Petitioner to experience emotional and psychological suffering. Pet. at 1 (ECF No. 1). This case was filed in conjunction with a petition on behalf of C.N., which was dismissed on July 24, 2018, on the grounds that the Vaccine

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its current form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act.


Act's provisions relating to vaccines impacting infants *in utero* do not cover deceased unborn children. *Neal v. Sec'y of Health & Human Servs.*, No. 17-2020V, 2018 WL 4482535 (Fed. Cl. Spec. Mstr. July 24, 2018).

The above-captioned matter went forward, and Petitioner filed medical records and an affidavit in early 2018. Upon review of these filings, Respondent filed a Rule 4(c) Report, asserting that Petitioner was not entitled to compensation. *See generally* Resp't's Rule 4(c) Report, filed Aug. 14, 2018 (ECF No. 15). Respondent argued that Petitioner had failed to put forth a reliable scientific theory explaining how her C.N.'s death was caused by the TDaP vaccine, and that her related claim of emotional and psychological distress thus could not succeed. *Id.* at 6–7.

Petitioner filed an expert report from Alan Levin, M.D., on January 29, 2019 (ECF No. 22-1). During a status conference on February 13, 2019, I expressed my view that Dr. Levin's report did not provide substantial support for Petitioner's claim, and I directed Petitioner to file a supplemental expert report to strengthen her position. *See* Docket Order, dated Feb. 13, 2019. Unable to obtain such additional expert support, Petitioner instead filed a Motion seeking dismissal of her claim on May 31, 2019. *See generally* Pet'r's Mot. for Decision Dismissing Pet. (ECF No. 27).

To receive compensation under the Vaccine Act, a petitioner must prove either (1) that she suffered a Table injury, or (2) that she suffered an injury that was actually caused by a vaccine. *See* Sections 11(c)(1), 13(a)(1)(A). However, Petitioner did not suffer a Table injury, and the record does not contain persuasive evidence indicating that her child's *in utero* death could have been caused by the TDaP vaccine Petitioner received on December 22, 2015.

The death of an unborn child is a heartbreaking event, and I am sympathetic to the fact that Petitioner experienced profound grief and emotional distress as a result of this tragedy. However, Petitioner has not offered preponderant evidence demonstrating that her child's passing was causally related to the TDaP vaccine. In keeping with Section 11(c)(1)(A), her claim therefore cannot succeed and must be dismissed.

Accordingly, I hereby **DISMISS** Petitioner's case. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[3]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.