# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 17-2021V
(not to be published)

* * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| SARAH NEAL, | * | |
| | * | Special Master Corcoran |
| Petitioner, | * | Filed: September 9, 2019 |
| v. | * | |
| | * | Attorney's Fees and Costs. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

*Phyllis Widman*, Jacobs & Barbone, Atlantic City, NJ, for Petitioner.

*Traci R. Patton*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On December 22, 2017, Sarah Neal filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that her receipt of the tetanus-diphtheria-acellular pertussis ("TDaP") vaccine on December 22, 2015, caused the *in utero* death of her son, C.N., which in turn caused her to experience emotional and psychological suffering. Petition (ECF No. 1) at 1. This case was filed in conjunction with a petition on behalf of C.N., which was dismissed on July 24, 2018, on the grounds that the Vaccine Act's provisions relating to vaccines impacting infants *in utero* does not cover deceased unborn

---

[1] Although I have not designated this Decision for publication, it will be made available on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from the public Decision.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

children. *Neal v. Sec'y of Health & Human Servs.*, No. 17-2020V, 2018 WL 4482535 (Fed. Cl. Spec. Mstr. July 24, 2018). On May 31, 2019, Petitioner filed an unopposed motion to dismiss this Petition, and on June 5, 2019, I issued my decision granting the motion. ECF No. 28.

Petitioner has now filed a motion requesting final attorney's fees and costs, dated June 10, 2019 (ECF No. 33) ("Fees App."), requesting a total award of $24,640.65 (representing $24,127.50 in fees, plus $513.15 in costs). Fees App. at 1. Pursuant to General Order No. 9, Petitioner warrants that she has not personally incurred any costs in pursuit of this litigation. Fees App. Ex. D at 1. Respondent reacted to the motion on June 24, 2019, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and deferring to my discretion to determine the amount to be awarded. Response, ECF No. 34, at 2-3. Petitioner did not file a reply thereafter.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding final attorney's fees and costs in the amount of **$20,850.65**.

## ANALYSIS

Vaccine Program attorneys are entitled to a fees award in successful cases like this one. Determining the appropriate amount of that award is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).[3] The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Avera*, 515 F.3d at 1348. This standard for calculating a fee award is considered

---

[3] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999) ).

applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

Petitioner requests the following rates of compensation for her attorney, Ms. Phyllis Widman: $300.00 per hour for work performed in 2017, and $350.00 per hour for work performed in 2018-2019. These rates are consistent with what Ms. Widman has previously been awarded for her Vaccine Program work, and they are also within the ranges prescribed by this Court's Attorney's Hourly Rate Fee Schedule. [4] *See Maxwell v. Sec'y of Health & Human Servs.*, No. 16-827V, 2018 WL 5095119 (Fed. Cl. Spec. Mstr. Sept. 17, 2018); *Neal v. Sec'y of Health & Human Servs.*, No. 17-2020V, 2018 WL 6288187 (Fed. Cl. Spec. Mstr. Oct. 19, 2018). Accordingly, no adjustment to the requested rates is necessary.

Upon review of the billing entries, I find that the awarded hours billed must be reduced due to duplicate entries with the case filed simultaneously with this one (on behalf of Petitioner's unborn child). When I issued a fees award in the related dismissed case, I noted the possibility of duplication, stating my intention to "resolve whether any time billed to this matter was equally devoted to the parallel still-pending case when the fees request is submitted in that matter." *Neal v. Sec'y of Health & Human Servs.*, No. 17-2020V, slip op. at 5 (Fed. Cl. Spec. Mstr. Oct. 19, 2018). Here, I have observed several billing entries which overlap with time already billed (and therefore paid for) in the original case. Examples include an entry on 2/27/17 of 1.0 hours on "Initial telephone call with client", an entry of 2.0 hours on 7/31/17 on "research on vaccine safety and cases", an entry of 0.4 hours on 1/19/18 for "Telephone call with client." Fees App. Ex. A at 1-2. There are also entries which appear to be copied over from the previous fees application, because they reflect work performed on the other case and not the instant one (e.g., on April 9-10, Ms. Widman billed over four hours on preparation for a conference call, participating in the call, and review of a scheduling order when the status conference was held in petitioner's other case, not the instant one). *Id.* at 3.

---

[4] The 2015–2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.  The 2017 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.  The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.  The 2019 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.  The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

In sum, I have totaled 11.6 hours of time billed in the instant case (5.4 hours in 2017 and 6.2 hours in 2018) duplicative of time already awarded.[5] Therefore, I shall reduce the final award of attorney's fees in this case by **$3,790.00**.[6]

I will next turn to costs. Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992); *Presault v. United States*, 52 Fed. Cl. 667, 670 (Fed. Cl. 2002). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner requests $513.15 in overall costs. Fees. App. at 1. This amount is comprised of obtaining medical records, purchasing transcripts, and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable, and Petitioner has provided adequate documentation supporting them. Accordingly, Petitioner is entitled to the full amount of costs requested.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$20,850.65** as a lump sum in the form of a check jointly payable to Petitioner and her counsel, Ms. Phyllis Widman, Esq. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[7]

---

[5] Some of the overlapping time is for work such as communicating with Petitioner and DOJ counsel. Although it is possible that these entries were properly billed in each case, the fact that the billing entries are typically identical between the two cases (i.e., same date, same time, and same text for the billing entry), and the presence of obvious errors such as those mentioned above, lead me to believe they are likely duplicative. That the billing entries are frequently vague and do not mention the topic of the communication also works against Petitioner – in particular since she was on notice from my prior fees decision that I would take note of duplicative time entries in the billing records.

[6] (5.4 hours * $300.00 per hour) + (6.2 hours * $350.00 per hour) = $3,790.00.

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master